# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

FILED

JUN 1 2 2002

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 4:01CV00156 ERW |
| | ) | |
| CHEMSICO, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED INDUSTRIES CORP. | ) | |
| d/b/a Spectrum Brands Mfg., | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT DECREE

### Introduction

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission") has instituted this action alleging that Chemsico, Inc. and United Industries Co. (hereinafter the "Defendants") discriminated against Catrice Brown in violation of Title VII of the Civil Rights Act of l964 (hereinafter "Title VII").

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in

65713 3

#54

controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. General Provisions

1. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendants of any violation of Title VII or any executive order, law, rule or regulation dealing with or in connection with religious discrimination in employment.

2. Defendants shall not discriminate against their employees with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment on the basis of religion

3. Defendants shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII, (b) has participated in any investigation conducted under Title VII connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result of this Consent Decree.

## II. Relief for Charging Party

4. Within thirty (30) days of the entry of this decree, Defendants shall forward to Catrice Brown:

      a.      Checks in the total gross amount of $40,000.00;

      b.      A statement itemizing the deductions.

5.      Should Defendants require Catrice Brown to execute a Release of claims against Defendants, beyond those raised in this lawsuit, Defendants agree to reimburse Ms. Brown for up to $200 in attorneys fees so that she may consult a private attorney prior to signing said Release.

6.      Defendants shall forward copies of the checks with the statement of deductions, referenced in paragraph 4 above, to the Regional Attorney, Equal Employment Opportunity Commission, 1222 Spruce, Room 8.100, St. Louis, Missouri 63103.

7.      Within thirty (30) days of the entry of this Decree, Defendants are required to expunge all references to Catrice Brown's termination from her personnel records. Defendants shall give Catrice Brown a neutral reference should they receive a request for an employment reference. Ms. Brown has secured other employment and will not be reinstated.

### III. Posting and Policies

8.      Defendants shall post and cause to remain posted copies of the notice attached hereto as Exhibit A in locations publicly visible to all employees in the following facilities owned and operated by Defendants, for a period of six (6) months starting from the date of entry of this Decree: Plants 1, 2 and 3 as well as the Distribution Center.

9.      Within thirty (30) days of the entry of this Decree, Defendants shall cause the policy attached hereto as Exhibit B to be signed by their chief executive officer and distributed to each and every supervisor and/or manager employed at the facilities noted in Paragraph 8, above. Defendants shall also cause all of the aforementioned supervisors and managers to sign the statement attached hereto as Exhibit C to indicate that they have received and read the policy.

### IV. Reporting, Record-keeping, and Access

10.      Within forty-five (45) days of the entry of this Decree, Defendants shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter indicating as follows:

     (a)     that the notice has been posted as required by section III, paragraph 8, above, and

     (b)     that the Policy on Religious Discrimination has been distributed as required by section III, paragraph 9, above.

The signed copies of Exhibit C shall be enclosed with the letter.

11.     Within 4 months of the date of entry of this Decree and every 6 months thereafter for the duration of this decree, Defendants shall prepare and submit to the EEOC's Regional Attorney in its St. Louis Office, a report listing the names of all persons who requested reasonable accommodation because of their religious beliefs, a description of the accommodation requested, date the accommodation was first requested, whether the requested accommodation was given and, if not, all reasons why the requested accommodation was not given.

12.     For the first report described in paragraph 11 above, the reporting period shall begin with the date of entry of this Decree and end with the date of the report.  For succeeding reports, the reporting period shall begin with the date of the last report and end with the date of the current report.

13.     Defendants shall maintain all documents utilized in preparing the reports described in paragraph 11 above, for a period of one year after the date of expiration of this Decree.

14.     During the term of this Decree, Defendants shall allow representatives of the Commission to review Defendants' compliance with this Decree by inspecting and photocopying relevant documents and records, interviewing employees and management officials on their premises, and inspecting their premises.  Such review of compliance shall be initiated by written notice to the Defendants' attorney of record at least three (3) business days in advance of any inspection of a Defendants' documents or premises.

## V. Term and Effect of Decree

15.     By entering into this Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Plaintiff other than the charge that created the procedural foundation for the complaint in this case.

16.     This Decree shall be binding upon the parties hereto, their successors and assigns. Defendants shall affirmatively notify any purchasers of the obligations of this Consent Decree prior to any sale which may take place.

17.     This Decree shall be for a period of two (2) years and can only be extended for good cause shown.  During the Decree's term the Court shall retain jurisdiction of this cause for purposes of compliance.

18.     Each party shall bear that party's own costs and attorney's fees.

DATE: _June 12, 2002_

BY CONSENT:


FOR DEFENDANTS:

ROBERT W. STEWART
McMahon, Berger, Hanna, Linihan,
Cody & McCarthy
2730 N. Ballas Rd., Suite 200
St. Louis, MO 63131


UNITED STATES DISTRICT JUDGE


FOR PLAINTIFF:

NICHOLAS M. INZEO
Acting Deputy General Counsel

GWENDOLYN R. REAMS
Associate General Counsel


ROBERT G. JOHNSON
Regional Attorney


BARBARA A. SEELY
Supervisory Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7916


65713 3                                        6

EXHIBIT A

(On Company letterhead)

NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered to resolve the claim of religious discrimination raised in the case of <u>Equal Employment Opportunity Commission (EEOC) v. Chemsico, Inc. and United Industries Corp.</u>, No. 4:01CV00156 ERW, on file in the Federal District Court for the Eastern District of Missouri.

Federal law prohibits discrimination against any employee or applicant for employment because of that individual's religious beliefs with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment.  It also prohibits retaliation against employees because they have opposed practices they believe discriminate on the basis of religion or because they have filed charges with the EEOC or participated in or cooperated with an EEOC investigation.

Federal law also requires employers reasonably to accommodate the religious beliefs of applicants and employees unless providing the accommodation causes an undue hardship. Chemsico, Inc. and United Industries Corp. support and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Chemsico, Inc. and United Industries Corp. will further attempt reasonably to accommodate the religious beliefs of its employees and applicants as required by law.

Employees should feel free to report instances of prohibited discrimination to any management official at any time.  Chemsico, Inc. and United Industries Corp. have established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation by the person allegedly guilty of the discriminatory treatment.  Employees are also free to make complaints about employment discrimination to the United States Equal Employment Opportunity Commission, at 1222 Spruce St., Room 8.100, St. Louis, MO 63103 (Attention:  Robert Johnson, Regional Attorney) or by telephone at (314) 539-7910.

_____

Chief Executive Officer

_____

Date

EXHIBIT B

(Company letterhead)

# POLICY ON RELIGIOUS DISCRIMINATION

It is the policy of Chemsico, Inc. and United Industries Corp. to prohibit discrimination based on religion with respect to hiring, promotion, termination, compensation, or other terms, conditions or privileges of employment.  Any company employee or manager found to have treated any employee or applicant for employment differently because of his or her religious beliefs shall be subject to discipline which could include discharge.  It is also the policy of Chemsico, Inc. and United Industries Corp. to attempt reasonably to accommodate the known religious beliefs of their applicants and employees unless providing the accommodation causes an undue hardship. Supervisory employees are specifically directed to refer all requests for religious accommodation or disciplinary situations involving an employee's religious beliefs or observations to Human Resources.


_____

Chief Executive Officer


_____

Date

EXHIBIT C

(Company letterhead)

The undersigned managers employed by Chemsico, Inc. and United Industries Corp. certify that they

have received a copy of their employer's policies relating to discrimination based on religion and that

they have read this policy by the date indicated.

NAME                              TITLE                                   DATE

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

——————————                    ——————————                  ——————

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 06/12/02 by cliddy
               4:01cv156    EEOC vs Chemsico, Inc.

42:2000e  Job Discrimination (Employment)

| | |
|---|---|
| Anne Gusewelle - | Fax: 314-539-7895 |
| Donna Harper - | Fax: 314-539-7895 |
| Robert Johnson - 10511 | Fax: 314-539-7895 |
| William Lawson - 33217 | Fax: 314-567-5968 |
| Gwendolyn Reams - | Fax: 314-539-7895 |
| Barbara Seely - 10607 | Fax: 314-539-7895 |
| Robert Stewart - 4463 | Fax: 314-567-5968 |

SCANNED & FAXED BY:

JUN 1 2 2002

DJO